IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION REF. NO. 10-_00 3248_ -CI-_21_
UCN: 522010 ~~DR~~ _CA 00 3248 xxCICI_

MARY E. KIERSTEAD,

    Plaintiff,

vs.

ZIMMER US, INC.,
a foreign for profit corporation,

    Defendant.



___

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, MARY E. KIERSTEAD (hereinafter referred to as "KIERSTEAD"), by and through her undersigned attorneys and hereby sues the Defendant, ZIMMER US, INC. (hereinafter referred to as "ZIMMER"), and alleges the following:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000, exclusive of costs and interest.

2. At all times material hereto at the time of the incident complained of, the Plaintiff, KIERSTEAD, was a resident of Pinellas County.

3. At all times material hereto at the time of the incident complained of, the Defendant, ZIMMER, was a foreign for profit corporation, authorized to and doing business in the State of Florida.

4. Defendant, ZIMMER, is in the business of manufacturing prosthetics, among other things, which are ultimately distributed and consumed by the public at large and to persons in similar situations such at the Plaintiff, KIERSTEAD, in this case, respectively.

ORIGINAL

5. In November of 2008, the Plaintiff, KIERSTEAD, underwent total left knee replacement surgery by her physician, Vincent E.C. Kiesel, M.D. (hereinafter referred to as "Dr. Kiesel").

6. The Plaintiff, KIERSTEAD, paid for the surgery as well as the prosthesis that was utilized in the November 2008 surgical procedure wherein the prosthesis that was ultimately utilized was designed and manufactured by the Defendant, ZIMMER.

7. In the early summer time of 2009, the Plaintiff, KIERSTEAD, began complaining of pain and swelling in her left knee.

8. After having been examined by her physician, Dr. Kiesel, and performing additional testing, various X-rays and other diagnostic studies, demonstrated that the prosthesis had fractured, requiring a subsequent surgery.

9. As a result, on or about July 1, 2009, the patella prosthesis had to be explanted by a subsequent surgical procedure performed by her physician.

10. All conditions precedent to the bringing of this Complaint have been satisfied or waived.

11. At all times material hereto, and at the time of incident complained of, the actions of the parties occurred in Pinellas County, Florida.

## COUNT I - STRICT LIABILITY

12. The Plaintiff, KIERSTEAD, realleges and adopts the allegations of paragraphs 1 - 11 as set forth above.

13. Defendant, ZIMMER, knows that the prosthesis and other medical products it designs, manufactures, and markets will be used by doctors who ultimately perform certain procedures and other surgeries on patients who are the end consumers that ultimately utilize the products as designed and manufactured by Defendant, ZIMMER.

2

14. Defendant, ZIMMER, placed a "Natural-Knee® Flex System," as well as other important components into the stream of commerce that was ultimately utilized by Dr. Kiesel, who performed the total left knee replacement for the Plaintiff, KIERSTEAD. The appropriate product lot numbers associated with said surgical procedure are as follows: Lot #68184202CAT and Lot #61162517 (hereinafter referred to as **"prosthesis"**).

15. The prosthesis used by Dr. Kiesel in the November 2008 surgery was not substantially changed, modified, nor altered at any time in any manner whatsoever prior to use.

16. The prosthesis that was utilized in the November 2008 surgery on the Plaintiff, KIERSTEAD, was defective due to the metal backing of the patella having broken off or otherwise sheared off the metal plate of the patella, which thereinafter required the Plaintiff, KIERSTEAD, to undergo a subsequent revision of the total knee joint.

17. The prosthesis that was utilized as part of the total knee replacement in November 2008, would not have otherwise fractured or become ineffective without some manufacturing defect or flaw since the Plaintiff, KIERSTEAD, had experienced no previous trauma to the left knee subsequent to the initial procedure.

18. The subject prosthesis reached the Plaintiff, KIERSTEAD, in such a condition that was unreasonably dangerous to her and failed to perform in a manner reasonably foreseeable by Defendant, ZIMMER.

19. As a direct and proximate result of the negligent conduct of the Defendant, ZIMMER, the Plaintiff, KIERSTEAD, has sustained damages, past and future, as follows:

    a.    bodily injury;

    b.    great physical pain and suffering;

c. disability and inability and loss of capacity to lead and enjoy a normal life;

d. inconvenience;

e. physical impairment;

f. disfigurement and/or scarring;

g. mental anguish;

h. loss of diminution of earning or earnings capacity;

i. aggravation of an existing disease or physical defect;

j. medical and related expense, past and future, incurred in seeking a cure for her injuries;

k. permanent injury within a reasonable degree of medical probability.

20. The injuries suffered by the Plaintiff, KIERSTEAD, were caused solely and proximately by the Defendant, ZIMMER, without any negligence on the part of the Plaintiff, KIERSTEAD.

**WHEREFORE**, the Plaintiff, KIERSTEAD, demands judgment against the Defendant, ZIMMER, for an amount within the jurisdictional limits of the Court, to wit: more than Fifteen Thousand Dollars ($15,000), plus costs, and for such other and further relief to which the Plaintiff may be justly entitled.

### COUNT II - NEGLIGENCE

21. The Plaintiff, KIERSTEAD, realleges and adopts the allegations of paragraphs 1 - 11, 13, and 14 as set forth above.

22. The Defendant, ZIMMER, negligently designed and marketed the prosthetic devices that it manufactures and distributed for use to patients such as the Plaintiff, KIERSTEAD.

4

23. Defendant, ZIMMER, owes a duty to Plaintiff, KIERSTEAD, to design, manufacture, and market the subject prosthesis and other medical related products in a reasonably safe manner for the ultimate end use by patients such as the Plaintiff, KIERSTEAD.

24. Defendant, ZIMMER, breached that duty of care when it failed to appropriately inspect, test, and otherwise design, manufacture, and market the subject prosthesis and other medical related products associated with the November 2008 surgery so that said product is reasonably safe for patients such as the Plaintiff, KIERSTEAD.

25. Defendant, ZIMMER, failed to act as a reasonably prudent manufacturer that possesses the requisite level of knowledge regarding its products.

26. As a direct and proximate result of the negligent conduct of the Defendant, ZIMMER, the Plaintiff, KIERSTEAD, has sustained damages, past and future, as follows:

    a. bodily injury;

    b. great physical pain and suffering;

    c. disability and inability and loss of capacity to lead and enjoy a normal life;

    d. inconvenience;

    e. physical impairment;

    f. disfigurement and/or scarring;

    g. mental anguish;

    h. loss of diminution of earning or earnings capacity;

    i. aggravation of an existing disease or physical defect;

    j. medical and related expense, past and future, incurred in seeking a cure for her injuries;

  k. permanent injury within a reasonable degree of medical probability.

27. The injuries suffered by the Plaintiff, KIERSTEAD, were caused solely and proximately by the Defendant, ZIMMER, without any negligence on the part of the Plaintiff, KIERSTEAD.

28. Due to the defective prosthesis that fractured during normal use by the Plaintiff subsequent to the November 2008 procedure, the Plaintiff had to undergo a subsequent procedure in July of 2009 to correct the defective prosthesis.

**WHEREFORE**, the Plaintiff, KIERSTEAD, demands judgment against the Defendant, ZIMMER, for an amount within the jurisdictional limits of the Court, to wit: more than Fifteen Thousand Dollars ($15,000), plus costs, and for such other and further relief to which the Plaintiff may be justly entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, MARY E. KIERSTEAD, pursuant to Rule 1.430 Florida Rules of Civil Procedure, hereby demands a Jury Trial of all issues triable as a matter of right.

Dated this 23RD day of February, 2010.

          PARK, OSSIAN, BARNAKY & PARK, P.A.

          Joseph R. Park, Esquire
          FBN: 175260 SPN: 42247
          J. Brent Barnaky, Esquire
          FBN: 545961 SPN: 2346984
          P.O. Box 5088
          Clearwater, Florida 33758
          Phone: (727) 726-3777
          Facsimile: (727) 797-6463
          Attorneys for Plaintiff